Jessie **COGER**, Plaintiff–Appellant,

v.

**STATE of Connecticut Dept. of Public Safety and State of Connecticut Department of Administrative Services,** Defendants–Appellees.

Docket No. 04–1886–CV.

United States Court of Appeals, Second Circuit.

July 27, 2005.

Kenneth A. Beck, Beck & Beck, LLC, Stratford, CT, for Plaintiff.

Maria C. Rodriguez, Assistant Attorney General, for Richard Blumenthal, Attorney General of the State of Connecticut, Hartford, CT, for Respondent.

Present: WESLEY, HALL, Circuit Judges, and TRAGER,[1] District Judge.

## SUMMARY ORDER

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 27th day of July, two thousand and five.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. After conducting *de novo* review, we now affirm the district court's dismissal of Coger's claims. *See Coger v. Connecticut*, 309 F.Supp.2d 274 (D.Conn.2004).[2]

Plaintiff appeals from the district court's dismissal on summary judgment with but a single argument: that the district court erred in failing to consider the 1993 *facts* when ruling on the 1995 *claim*. Plaintiff has not appealed the dismissal of his 1993 *claim* as untimely. *See id.* at 282–83. Neither has he appealed the dismissal of his § 1981 claim and his claim under the

---

2. We express no opinion as to whether plaintiff might be able to pursue his 2002 retaliation claim as a separate suit in the future.

Connecticut Fair Employment Practices Act. *See id.* at 280–82. Plaintiff also does not explicitly contest the district court's adherence to defendant's statement of the facts on the grounds that plaintiff failed to comply with the district court's Local Rule 56(a)(2) by failing to identify with specificity those facts in dispute. *See id.* at 277–78. Thus, we decide this appeal based on defendants' Local Rule 56(a) statement of the facts.

Title VII requires that plaintiff make out a *prima facie* case of discriminatory failure to hire by showing that (1) he is a member of a protected class; (2) he was qualified for the position for which he applied; (3) he was denied the job; and (4) the denial occurred under circumstances giving rise to an inference of discrimination on a basis forbidden by Title VII. *See, e.g., McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In the context of a motion for summary judgment, plaintiff must "proffer admissible evidence [that] shows circumstances that would be sufficient to permit a rational finder of fact to infer a discriminatory motive." *Chambers v. TRM Copy Centers Corp.,* 43 F.3d 29, 38 (2d Cir.1994).

Plaintiff argues, and we agree, that *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), requires the consideration of facts, related to claims now untimely, as background to timely claims. *See id.* at 113, 122 S.Ct. 2061. We hold, however, that plaintiff has failed to make out a *prima facie* case because, even considering the 1993 facts as background, we find that plaintiff has not established that he was qualified to be hired for the position of Trooper Trainee in 1995.

Plaintiff failed the 1995 oral exam. That exam was a necessary qualification to being hired for the position of Trooper Trainee in 1995. While he argues that this failure should not be determinative because the oral exam was allegedly discriminatory, he has failed to demonstrate that the exam was discriminatory. Indeed, it was carefully graded by a team of two graders, one of whom himself was African–American. Further, that team passed eight out of twelve African–American applicants on the oral exam. Coger's failure here to establish his qualifications for the job, and thus his failure to make out a *prima facie* case under Title VII, necessitates an affirmance.

Accordingly, for the reasons set forth above, we affirm the dismissal of plaintiff's case.